1 | ANDRÉ BIROTTE JR.
United States Attorney
2 | ROBERT E. DUGDALE
Assistant United States Attorney
3 | Chief, Criminal Division
STEVEN R. WELK
4 | Assistant United States Attorney
Chief, Asset Forfeiture Section
5 | FRANK D. KORTUM
Assistant United States Attorney
6 | Asset Forfeiture Section
California Bar No. 110984
7 |     1400 United States Courthouse
      312 North Spring Street
8 |    Los Angeles, CA 90012
      Telephone: (213) 894-5710
9 |    Facsimile: (213) 894-7177
      E-Mail:   Frank.Kortum@usdoj.gov
10 |
Attorneys for Plaintiff
11 | United States of America

12 |

13 |                UNITED STATES DISTRICT COURT

14 |        FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 | UNITED STATES OF AMERICA,      )   NO. CV12-05856 DDP(OPx)
                                  )
16 |          Plaintiff,           )        VERIFIED
                                  )   COMPLAINT FOR FORFEITURE
17 |          v.                   )
                                  )   [21 U.S.C. § 881(a)(6)]
18 | $601,613.00 IN U.S. CURRENCY, )
                                  )        [F.B.I.]
19 |          Defendant.           )
   |_____)

20 |

21 |

22 |

23 |        The United States of America brings this claim against the

24 | defendant $601,613.00 in U.S. currency ("defendant currency") and

25 | alleges as follows:

26 |                  JURISDICTION AND VENUE

27 |     1.   This is a civil forfeiture action brought pursuant to

28 | 21 U.S.C. § 881(a)(6).

1    2.   This court has jurisdiction over the matter under 28
2  U.S.C. §§ 1345 and 1355.
3    3.   Venue lies in this district pursuant to 28 U.S.C.
4  § 1395(b).
5                    PERSONS AND ENTITIES
6    4.   The plaintiff is the United States of America.
7    5.   The defendant is $601,613.00 in U.S. Currency seized on
8  or about November 19, 2011 as a result of a traffic stop
9  conducted by the Ontario Police Department ("OPD") on a 2006
10  Chevrolet Tahoe being driven by Ramon Antonio Noriega ("Noriega")
11  on State Highway 60 in Ontario, California.
12    6.   The defendant currency was seized by law enforcement
13  officers and is currently in the custody of the United States
14  Marshals Service in this District, where it will remain subject
15  to this Court's jurisdiction during the pendency of this action.
16    7.   The interests of Noriega may be adversely affected by
17  these proceedings.
18    8.   Plaintiff alleges that the defendant currency was
19  derived from proceeds traceable to violations of 21 U.S.C. §§ 841
20  and 846, involving possession and sales of illegal drugs, or was
21  intended to be used in one or more exchanges for a controlled
22  substance.  As such, the defendant currency is subject to
23  forfeiture pursuant to 21 U.S.C. § 881(a)(6).
24                 EVIDENCE SUPPORTING FORFEITURE
25    9.   In January 2011, the Federal Bureau of Investigation
26  ("FBI") and the Orange County Regional Narcotics Suppression
27  Program ("RNSP") received information regarding a drug
28  trafficking organization ("Organization").  The Organization was

1   involved in the sale and shipment of cocaine from Mexico to

2   Canada.   Participants in the Organization would typically drive

3   currency from Canada or New York to Southern California, and from

4   there to Mexico to pay for the cocaine.   One of the targets of

5   the investigation was Luis Enriquez Lopez ("Lopez").

6        10.   On November 19, 2011, surveillance teams established

7   surveillance at Lopez's residence, located in South Gate,

8   California.[1]   At approximately 12:33 p.m., Lopez and Noriega

9   entered Lopez's garage and walked out of the garage a few minutes

10  later.   Lopez was observed carrying two weighted black bags out

11  of the garage.   Lopez and Noriega then walked to a 2006 Chevrolet

12  Tahoe ("Tahoe") and both walked to the passenger side of the

13  Tahoe.   Noriega climbed into the rear area of the Tahoe and

14  appeared to be manipulating something in the back.   The Tahoe

15  then drove away from the area and surveillance was maintained on

16  the vehicle.   Lopez returned to his residence empty handed.

17       11.   At approximately 2:00 p.m., OPD officers observed the

18  Tahoe on the 60 freeway at Archibald Avenue traveling at a speed

19  of 75 miles per hour in a 65 mile an hour zone in violation of

20  California Vehicle Code § 22349(a).   The vehicle also had tinted

21  windows in violation of California Vehicle Code § 26708(a)(2).

22  OPD officers observed the Tahoe begin to change lanes and then

23  straddle two lanes of traffic in violation of California Vehicle

24  Code § 21658(a).

25       12.   OPD officers then conducted a traffic stop of the

26  Tahoe.   While talking to Noriega, OPD officers noticed that he

27  ─────────────────────

28       [1] Pursuant to Local Rule 79-5.4, the street address of the
    personal residence has been omitted.

3

1   was nervous.   Officers asked Noriega where he lived and Noriega

2   replied that he lived in Desert Hot Springs.   Noriega stated to

3   OPD officers that he was going back home from Paramount, and that

4   he had been visiting a girlfriend who kicked him out.   Noriega

5   then pointed to the back seat of his Tahoe to show the officers

6   his bag of clothing.

7        13.   While talking to Noriega, OPD officers noticed that

8   Noriega had multiple cell phones in the Tahoe and there were also

9   two green "Monster" energy drink stickers on his steering wheel.

10   (OPD officers through training have learned that the display of

11   "monster stickers" is a possible indicator of criminal

12   smuggling.)   Noriega told OPD officers that he had been arrested

13   previously for possession of 1,700 pounds of marijuana.   OPD

14   officers then asked Noriega if he had anything illegal in the

15   Tahoe.   Noriega stated "no" and consented to a search of the

16   vehicle.

17        14.   OPD officers asked Noriega to step out of the vehicle

18   and OPD officers noticed that Noriega had two cell phones

19   attached to his belt.   OPD officers also noticed that Noriega was

20   wearing a gold necklace, which he agreed to show them when they

21   requested to see it.   Images of the Virgin Mary and Jesus

22   Malverde were attached to the necklace.   OPD officers through

23   training have learned that Jesus Malverde is regarded as the

24   "Patron Saint of the Drug Dealers," and that smugglers often wear

25   his image to protect them when they are engaged in smuggling

26   activities.

27        15.   A narcotics detection canine was used to search the

28   Tahoe.   The canine alerted to the odor of narcotics at the

4

1  driver's door handle, driver's side rear quarter panel and the
2  rear lift gate.   Inside the Tahoe, the canine went immediately to
3  the rear cargo area of the Tahoe and then scratched at the
4  speaker box laying on the floor.

5       16.   During the search of the cargo area of the Tahoe, OPD
6  officers noticed that wood screws were laying in a cupholder near
7  the speaker box.   There were two speaker boxes with missing wood
8  screws.   OPD officers removed the remaining screws from the first
9  speaker and found several plastic wrapped bundles of bulk U.S.
10 currency.   OPD officers observed that the bundles had "20"
11 written on them.   OPD officers removed the remaining screws from
12 the second speaker and saw additional plastic wrapped bundles of
13 bulk U.S. currency.   The total amount seized was $601,613.00 in
14 U.S. currency (i.e., the defendant currency).

15      17.   OPD officers asked Noriega about the defendant currency
16 and Noriega stated that he was unaware of any currency in the
17 vehicle.   OPD officers asked Noriega if the currency belonged to
18 him and Noriega stated "no."   Noriega signed a disclaimer of
19 ownership for the defendant currency.   Noriega was transported to
20 the OPD station where he was charged with violating California
21 Health and Safety Code § 11370.6(a) and later released.

22      18.   Based on the above, plaintiff alleges that the
23 defendant currency represents or is traceable to proceeds of
24 illegal narcotics trafficking, or was intended to be used in one
25 or more exchanges for a controlled substance or listed chemical,
26 in violation of 21 U.S.C. § 841 et seq.   The defendant currency
27 is therefore subject to forfeiture pursuant to 21 U.S.C.
28 § 881(a)(6).

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant currency, due notice be given to all interested parties to appear and show cause why forfeiture should be not be decreed, that this court decree forfeiture of the defendant currency to the United States of America for disposition according to law, and for such other and further relief as this court may deem just and proper, together with the costs and disbursements of this action.

DATED: July 2, 2012

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

6

1

<u>VERIFICATION</u>

2    I, Jennifer A. Rudy, hereby declare that:

3    1.   I am a Special Agent with the Federal Bureau of

4 Investigation and am the case agent for the forfeiture matter

5 entitled <u>United States v. $601,613.00 in U.S. Currency</u>.

6    2.   I have read the above Verified Complaint for Forfeiture

7 and know its contents.  It is based upon my own personal

8 knowledge and reports provided to me by other law enforcement

9 agents.

10    3.   Everything contained in the Complaint is true and

11 correct, to the best of my knowledge and belief.

12    I declare under penalty of perjury that the foregoing is

13 true and correct.

14    Executed July 3 , 2012 in Los Angeles, California.

15

16

17
                          JENNIFER A.  RUDY

18

19

20

21

22

23

24

25

26

27

28

7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## CV12- 5856 DDP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[ ] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS**
$601,613.00 IN U.S. CURRENCY

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

ANDRE BIROTTE JR., U.S. Attorney, FRANK D. KORTUM, AUSA
United States Attorney's Office, California Bar No. 110984
312 N. Spring St., 14th Floor, Los Angeles, CA 90012   (213) 894-5710

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. § 881(a)(6)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☑ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-05856

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

                    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

                    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

                    ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date ___7/6/12___

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2